1  ELLSWORTH, MOODY & BENNION
   KEEN L. ELLSWORTH, ESQ.
2  Nevada State Bar #4981
   ANDREW D. SMITH, ESQ.
3  Nevada State Bar #8890
   7881 W. Charleston Blvd., Ste. 210
4  Las Vegas, Nevada 89117
   (702) 658-6100
5  *Attorneys for Plaintiff*
   *Tom Collins*
6
                    UNITED STATES DISTRICT COURT
7
                        DISTRICT OF NEVADA
8
                            * * * * *
9

10  TOM COLLINS, individually and as County          CASE: 2:09-cv-01931
    Commissioner of Clark County, Nevada,
11
              Plaintiff,
12
    vs.
13
    CLARK COUNTY, NEVADA, a political
14  subdivision of the State of Nevada; FISHER
    SAND & GRAVEL CO., a North Dakota
15  corporation; and LAS VEGAS PAVING
    CORPORATION, a Nevada corporation,
16
              Defendants.
17



18                         **COMPLAINT**

19          COMES NOW the Plaintiff, TOM COLLINS, individually and in his capacity as

20  a County Commissioner of Clark County, Nevada, by and through his counsel of

21  record, of the law firm Ellsworth, Moody & Bennion, Chtd., and hereby complains

22  and alleges as follows:

23                    **PARTIES AND JURISDICTION**

24  1.    Plaintiff Collins is a resident of Clark County, Nevada.

25  2.    Defendant CLARK COUNTY NEVADA is a political subdivision of the State of

26        Nevada.

27  3.    Defendant FISHER SAND & GRAVEL CO. is a North Dakota corporation

28        doing business in Clark County, Nevada.

4.   Defendant LAS VEGAS PAVING CORPORATION is a Nevada corporation doing business in Clark County, Nevada.

5.   The U.S. District Court has jurisdiction in this case because some or all of Plaintiff's claims arise under the Constitution, laws, or treaties of the United States.

6.   Venue is proper in this judicial district as the events and/or omissions giving rise to this complaint occurred in Clark County, Nevada.

**GENERAL ALLEGATIONS**

7.   Plaintiff repeats and realleges each of the foregoing allegations, as though fully set forth herein.

*TOM COLLINS' DUTIES AND RESPONSIBILITIES AS A COMMISSIONER*

8.   Plaintiff sits as a member of Clark County Commission, as an elected representative of the people of Clark County, Nevada.

9.   As an elected representative, Plaintiff's duties include (but are not limited to):

a) To expend money for any purpose which will provide a substantial benefit to the inhabitants of the county;

b) To lay out, control and manage public roads and bridges;

c) To control the prosecution or defense of all suits to which the county is a party; and

d) To do and perform all such other acts and things as may be lawful and strictly necessary to the full discharge of the powers and jurisdiction conferred on the board.

10.   Plaintiff performs these duties, *inter alia*, by participating in formal meetings of the Clark County Commission, and by voting on the resolutions presented to that political body.

11.   Plaintiff has taken an oath to perform these duties to the best of his ability, as required by state law.

2

*THE COUNTY PROJECT GIVING RISE TO THIS CONTROVERSY*

12.   On or about October 17, 2008, the Clark County Commission solicited bids for a work of improvement on a county road, namely, a portion of Route 215 in Clark County, Nevada, known as Bid 601309-08 ("the Bid").

13.   Defendants Fisher Sand & Gravel and Las Vegas Paving submitted competing bids for the road improvement.

14.   On or about July 21, 2009, the Clark County Commission voted to award the road improvement contract to Las Vegas Paving.

15.   Plaintiff Collins cast a vote in that decision.

*FISHER SAND & GRAVEL SUES TO CHANGE THE VOTE, AND THE
DEFENDANTS HOLD A PRIVATE MEETING TO GERRYMANDER THE
COMMISSION'S VOTES*

16.   Shortly after said vote, Fisher Sand & Gravel filed suit against Las Vegas Paving and Clark County, Nevada, apparently to force the Clark County Commission to award *it* the road improvement contract, instead of Las Vegas Paving.

17.   The suit was removed to the U.S. District Court for the District of Nevada, and is now identified as Case No. 2:09-cv-1372-RCJ-GWF.

18.   On or about August 25, 2009, the U.S. District Court heard oral argument on Fisher Sand & Gravel's petition for a writ of mandamus.

19.   Either during or prior to oral argument, counsel for the parties to that suit met privately.

20.   Upon information and belief, counsel for the parties to Case No. 2:09-cv-1372-RCJ-GWF reached some secret agreement regarding the writ of mandamus.

21.   Upon the conclusion of that secret meeting, counsel for the parties to Case No. 2:09-cv-1372-RCJ-GWF appeared in court and counsel for Fisher Sand & Gravel orally amended its motion to request the following:

3

a) That the Clark County Commission re-hear the bidders' presentations for the Bid;

b) That the Clark County Commission take a new vote on the Bid;

c) That Commissioner Steve Sisolak not participate in the new vote; and

d) That Commissioner and Plaintiff Tom Collins not participate in the new vote.

22. Counsel for Clark County and Las Vegas Paving represented to the court that they would not oppose Fisher Sand & Gravel's oral motion, thereby showing express and/or implied agreement to the terms of said motion.

23. Counsel for Fisher Sand & Gravel then prepared a written order on that stipulation. Fisher Sand & Gravel's order stated that, "Commissioners Steven Sisolak and Tom Collins, by willing agreement, not be allowed to participate in the reconsideration..."

24. Tom Collins was not present at the District Court hearing on August 25, 2009.

25. Tom Collins was never asked by the County's attorneys whether he consented to Fisher Sand & Gravel's oral motion that he abstain from the re-vote on the Bid.

26. Tom Collins did not, in fact, consent to abstain from the re-vote on the Bid.

27. The County's attorneys lacked actual authority to enter into that agreement with Fisher Sand & Gravel and Las Vegas Paving on behalf of Tom Collins.

28. The County's attorneys lacked apparent authority to enter into that agreement with Fisher Sand & Gravel and Las Vegas Paving on behalf of Tom Collins.

29. Furthermore, the U.S. District Court did *not* make any finding of fact or conclusion of law that Collins was biased in his prior vote on the Bid.

30. Collins' prior vote on the Bid was not influenced or altered by any unlawful bias.

31. Pursuant to Nevada law, Collins is entitled to participate in the re-hearing and

4

1    re-vote on the Bid.

2    32.   Collins has a duty to his constituents to participate in the re-hearing and re-

3          vote on the Bid.

4                            **FIRST CAUSE OF ACTION**

5                              *(Declaratory Relief)*

6    33.   Plaintiff repeats and realleges each of the foregoing allegations, as though fully

7          set forth herein.

8    34.   The Clark County Commission has the statutory power and duty to control the

9          County's  defense of Case No. 2:09-cv-1372-RCJ-GWF.

10   35.   The County's attorneys lack authority to enter into any agreement settling the

11         case or any substantive portion thereof, without the County Commission's

12         consent and permission.

13   36.   Attorneys for Fisher Sand & Gravel, Las Vegas Paving, and Clark County

14         reached an agreement or stipulation settling a substantive portion of the case

15         on or about August 25th.

16   37.   The County's attorneys lacked actual authority to stipulate that Tom Collins

17         would not participate in the new vote on Bid 601309-08.

18   38.   The County's attorneys lacked apparent authority to stipulate that Tom Collins

19         would not participate in the new vote on Bid 601309-08.

20   39.   Tom Collins did not in fact stipulate or agree that he would not participate in

21         the new vote on Bid 601309-08.

22   40.   For the foregoing reasons, the agreement between Fisher Sand and Gravel, Las

23         Vegas Paving, and Clark County reached on or about August 25, 2009, is void

24         as to Tom Collins.

25   41.   For the foregoing reasons, the order on Fisher Sand & Gravel's petition for writ

26         of mandamus is void as it relates to Tom Collins and his ability to participate in

27         the re-vote.

28

                                    5

42.  Collins is entitled to declaratory judgment that the order granting Fisher Sand & Gravel's petition for writ of mandamus in Case No. 2:09-cv-1372-RCJ-GWF is void as described herein, and that Collins may participate in the re-hearing and new vote on the Bid.

43.  Collins has been required to retain legal counsel in this action, and is entitled to an award of attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### *(Injunctive Relief)*

44.  Plaintiff repeats and realleges each of the foregoing allegations, as though fully set forth herein.

45.  The County's attorneys lacked actual authority to stipulate that Tom Collins would not participate in the new vote on the Bid.

46.  The County's attorneys lacked apparent authority to stipulate that Tom Collins would not participate in the new vote on the Bid.

47.  Tom Collins did not in fact stipulate or agree that he would not participate in the new vote on the Bid.

48.  For the foregoing reasons, the agreement between Fisher Sand and Gravel, Las Vegas Paving, and Clark County reached on or about August 25, 2009, is void as it relates to Tom Collins and his ability to participate in the re-vote.

49.  For the foregoing reasons, the order on Fisher Sand & Gravel's petition for writ of mandamus is void as it relates to Tom Collins and his ability to participate in the re-vote.

50.  Collins is entitled to preliminary and permanent injunctions preventing the Defendants from interfering with Collins' right and duty to participate in the re-hearing and new vote on the Bid.

51.  Collins has been required to retain legal counsel in this action, and is entitled to an award of attorney's fees and costs of suit.

6

**THIRD CAUSE OF ACTION**

*(Violation of Nevada's Open Meeting Law, NRS 241.010 et seq.)*

52.   Plaintiff repeats and realleges each of the foregoing allegations, as though fully set forth herein.

53.   Nevada's open meetings law requires that substantive decisions be taken in a duly-noticed meeting open to the public.

54.   Nevada's open meetings law specifically requires that any meeting to consider the character, alleged misconduct or professional competence of an elected member of a public body be duly noticed and open to the public.

55.   Fisher Sand & Gravel has alleged that Tom Collins acted with unlawful bias in the original vote on the Bid.

56.   Tom Collins did not cast his vote under the influence of any unlawful bias.

57.   Nevertheless, on or about August 25, 2009, attorneys for Fisher Sand & Gravel met in private with counsel for the Defendants to discuss the character and fitness of Tom Collins and Steve Sisolak to participate in the new vote on the Bid.

58.   During or as a result of that private meeting, an agreement or stipulation was reached settling a substantive portion of the case on or about August 25th.

59.   One or more of the following constitute an action that would require the approval of a quorum of the Clark County Commission:

a) Clark County's decision to enter into an agreement settling some or all of Fisher Sand & Gravel's claims in Case No. 2:09-cv-1372-RCJ-GWF;

b) Clark County's decision to settle and/or acquiesce to any of Fisher Sand & Gravel's requests in the written and oral petitions for a writ of mandamus in Case No. 2:09-cv-1372-RCJ-GWF; and/or

c) Clark County's decision to abandon any defense or opposition to Fisher Sand & Gravel's written and oral petitions for a writ of mandamus in Case No.

7

1     2:09-cv-1372-RCJ-GWF.

2   60.   Unless specifically exempted by statute, decisions and actions of the Clark

3        County Commission must be taken in a duly-noticed open meeting, or else

4        they are void as a matter of law.

5   61.   Furthermore, the subject matter of the aforementioned actions would

6        necessarily consider the character, alleged misconduct or professional

7        competence of Commissioners Tom Collins and Steve Sisolak.

8   62.   Nevada law requires that meetings to discuss the character, alleged

9        misconduct or professional competence of county commissioners be held in

10       duly-noticed open meetings.

11   63.   None of the aforementioned actions and decisions were taken during a duly-

12       noticed public meeting of the Clark County Commission.

13   64.   Closed meetings were held to discuss the character, alleged misconduct or

14       professional competence of Commissioners Tom Collins and/or Steve Sisolak.

15   65.   Tom Collins was not present during said closed meetings.

16   66.   Any of the aforementioned actions and/or decisions of the Clark County

17       Commission which were taken or approved by a quorum of Commissioners

18       outside of a duly-noticed public meeting are void as a matter of law.



19   67.   Any of the aforementioned actions of Clark County's attorneys which were

20       based upon a quorum of the Commission's decisions in violation of Nevada's

21       open meetings law are void as a matter of law.

22   68.   To the best of Tom Collins' knowledge and information, a quorum of the

23       County Commission did not take a vote in a duly-noticed public meeting to

24       approve the aforementioned actions in Case No. 2:09-cv-1372-RCJ-GWF,

25       making the aforementioned actions void as a matter of law.

26   69.   To the best of Tom Collins' knowledge and information, a quorum of the

27       County Commission did not take any vote to approve the aforementioned

28

1          actions in Case No. 2:09-cv-1372-RCJ-GWF, thus the aforementioned actions

2          were unauthorized and are therefore void as a matter of law.

3 70.   Collins has the right and duty to participate in the re-hearing and new vote on

4          the Bid.

5 71.   Collins is entitled to a judgment that the order granting Fisher Sand & Gravel's

6          petition for writ of mandamus is void and unenforceable.

7 72.   Collins has been required to retain legal counsel in this action, and is entitled

8          to an award of attorney's fees and costs of suit.

9 **FOURTH CAUSE OF ACTION**

10 *(Violation of Due Process – 14th Amendment)*

11 73.   Plaintiff repeats and realleges each of the foregoing allegations, as though fully

12          set forth herein.

13 74.   Tom Collins is entitled to the rights of substantive and procedural due process

14          made applicable by the 14th Amendment to the Constitution of the United

15          States.

16 75.   Tom Collins, as a County Commissioner, has the right and duty to vote on

17          expenditures for the public good and road-improvement projects in Clark

18          County.



19 76.   Tom Collins was not present at the U.S. District Court hearing on August 25,

20          2009.

21 77.   The U.S. District Court did not make any finding of fact or conclusion of law

22          that Tom Collins cast his vote on the Bid under any unlawful bias or influence.

23 78.   The substantive laws of the State of Nevada permit Tom Collins to participate

24          in the re-hearing on the Bid, and to cast his vote.

25 79.   The order granting Fisher Sand & Gravel's petition for a writ of mandamus,

26          issued by the U.S. District Court in Case No. 2:09-cv-1372-RCJ-GWF, violates

27          Tom Collins' substantive and procedural due process rights to fulfill his duties

28

9

as a County Commissioner and elected representative of the people.

80. The order granting Fisher Sand & Gravel's petition for a writ of mandamus, issued by the U.S. District Court in Case No. 2:09-cv-1372-RCJ-GWF, is void and unenforceable as to Tom Collins.

81. Collins has been required to retain legal counsel in this action, and is entitled to an award of attorney's fees and costs of suit.

**FIFTH CAUSE OF ACTION**

*(Defamation)*

82. Plaintiff repeats and realleges each of the foregoing allegations, as though fully set forth herein.

83. Fisher Sand and Gravel, Las Vegas Paving, and/or Clark County, Nevada, have made public statements that Tom Collins is biased and unfit to vote on the Bid.

84. The statements are not true.

85. The statements are not privileged in the context in which they were made.

86. The statements constitute negligence and/or intentional action on behalf of the Defendants.

87. As an elected representative on he Clark County Commission, Tom Collins is particularly susceptible to harm from false and defamatory statements regarding bias, character, and/or fitness to perform his duties as a County Commissioner.

88. Tom Collins has suffered actual and/or presumed damages as a result of Defendants' defamatory statements, in an amount to be proven at trial.

89. Collins has been required to retain legal counsel in this action, and is entitled to an award of attorney's fees and costs of suit.

**SIXTH CAUSE OF ACTION**

*(Civil Conspiracy)*

90. Plaintiff repeats and realleges each of the foregoing allegations, as though fully

10

set forth herein.

91.   Fisher Sand & Gravel, Las Vegas Paving, and/or Clark County, Nevada, or some combination of them, cooperated and conspired to gerrymander the Clark County Commission, specifically by disallowing certain voters and leaving other voters in place, for the purpose of making it easier for Fisher Sand & Gravel to win the Bid at the re-vote.

92.   Fisher Sand & Gravel, Las Vegas Paving, and/or Clark County, Nevada, or some combination of them, cooperated and conspired to defame Tom Collins as described above.

93.   The means and goals of the conspiracy are unlawful, as described above.

94.   An agreement or understanding existed between Fisher Sand & Gravel, Las Vegas Paving, and/or Clark County, Nevada, or some combination of them, regarding the means and goals of this conspiracy.

95.   The means and goals of the conspiracy harm Tom Collins, individually and in his capacity as an elected representative of the people on the Clark County Commission.

96.   Acts were taken in furtherance of the goals of the conspiracy, such as:

a) Coming to a decision permitting the writ or mandamus, in violation of state and federal law; and

b) Drafting and submitting to the court an order granting the petition for a writ of mandamus, which specifically deprived Tom Collins of his right to vote.

97.   Tom Collins has suffered actual damage as a result of the conspiracy, in an amount to be proven at trial.

98.   Collins has been required to retain legal counsel in this action, and is entitled to an award of attorney's fees and costs of suit.

**PRAYER FOR RELIEF**

Wherefore, Tom Collins prays for relief as follows:

11

1.   For declaratory judgment stating that the writ of mandamus in Case No. 2:09-cv-1372-RCJ-GWF, is void and unenforceable as it applies to Tom Collins, and that he may vote on the Bid;

2.   For preliminary and permanent injunctions preventing the Defendants from further interfering with his right and duty to vote;

3.   For actual damages, in an amount to be determined at trial;

4.   For presumed damages, in an amount to be determined at trial;

5.   For exemplary and/or punitive damages, in an amount to be determined at trial; and

6.   For attorney's fees and costs of suit.

DATED this 5th day of October, 2009.

ELLSWORTH, MOODY & BENNION

By:   /s/ Andrew D. Smith
Keen L. Ellsworth, Esq.
Nevada Bar No. 4981
Andrew D. Smith, Esq.
Nevada Bar No. 8890
7881 W. Charleston Blvd., Suite 210
Las Vegas, NV 89117
Tel: (702) 658-6100
*Attorneys for Tom Collins*



12