UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION


TOM COLLINS,                    ) CASE NO: 2:09-CV-1931-RCJ-LRL
                                )
             Plaintiff,         )            CIVIL
                                )
    vs.                         )        Las Vegas, Nevada
                                )
FISHER SAND AND GRAVEL, ET AL., )   Tuesday, November 3, 2009
                                )
             Defendants.        )    (9:03 a.m. to 9:36 a.m.)


PRELIMINARY INJUNCTION HEARING (7)

BEFORE THE HONORABLE ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE


Appearances:            See next page

Court Recorder:         Araceli Bareng

Courtroom Administrator: Kerri Goetsch

Transcribed by:         Exceptional Reporting Services, Inc.
                        14493 S. Padre Island Drive
                        Suite A-400
                        Corpus Christi, TX 78418-5940
                        361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

**APPEARANCES FOR:**

Plaintiff:                    ANDREW D. SMITH, ESQ.
                              KEEN L. ELLSWORTH, ESQ.
                              Ellsworth Moody & Bennion
                              7881 W. Charleston Blvd.
                              Suite 210
                              Las Vegas, NV 89117

Defendants:                   STANLEY W. PARRY, ESQ.
                              Ballard Spahr, et al.
                              100 N. City Parkway, Suite 1750
                              Las Vegas, NV 89106

                              J. COLBY WILLIAMS, ESQ.
                              DONALD CAMPBELL, ESQ.
                              Campbell & Williams
                              700 S. 7th Street
                              Las Vegas, NV 89101

                              WADE GOCHNOR, ESQ.
                              Howard and Howard
                              3800 Howard Hughes Pkwy., Suite 1400
                              Las Vegas, NV 89169

1       **Las Vegas, Nevada; Tuesday, November 3, 2009; 9:03 a.m.**

2                          **(Call to Order)**

3            **THE COURT:**  Thank you and good morning.  Please be

4    seated.  Welcome.  We're here in the matter of Collins versus

5    Fisher Sand and Gravel.  I'll note appearances, please.  Let's

6    start with that, if you would.

7            **MR. ELLSWORTH:**  Your Honor, Commissioner Collins is

8    present.

9            **THE COURT:**  Thank you.  Commissioner.

10           **MR. ELLSWORTH:**  Also, my name is Keen Ellsworth and

11   Andrew Smith.

12           **THE COURT:**  Thank you.

13           **MR. WILLIAMS:**  Good morning, your Honor.  Colby

14   Williams on behalf of the Defendant, Clark County.

15           **MR. CAMPBELL:**  Good morning, your Honor.  Donald J.

16   Campbell on behalf of the Defendant, Clark County, Nevada.

17           **MR. PARRY:**  Stanley Parry on behalf of Fisher Sand

18   and Gravel.

19           **MR. GOCHNOUR:**  Good morning, your Honor, Wade

20   Gochnour on behalf of Las Vegas Paving.

21           **THE COURT:**  Thank you.  We're here on a continued

22   request for injunctive relief in Collins versus Fisher Sand and

23   Gravel.  The main issue that I asked you to brief of course is

24   whether there's a property or liberty interest sufficient to

25   invoke jurisdiction and to request due process.  I've given to

1  you a tentative draft.  I don't know if you've had time to read

2  it, and maybe we should recess so that you can read it a little

3  bit better.  I've done the research.  I've taken into account

4  your briefs.  I, of course want to hear your arguments and

5  comments.  But this is a tentative conclusion, I haven't filed

6  it yet.  It's still draft.  It's a tentative conclusion on the

7  point of liberty and property interest.  And the conclusion I'm

8  coming to as a legal matter is that there is no liberty or

9  property interest in the right of a commissioner to vote on a

10  particular issue.

11      One of the circuits has stated that there is a property

12  interest in elective office.  But otherwise, the Supreme Court

13  and the other circuits have not concurred nor gone along with

14  that proposition.  So, the tentative conclusion I'm coming to

15  is that there is not a property nor liberty interest that would

16  support jurisdiction here.

17          Have you had a chance to read it?  Do I need to

18  give you a few more minutes to read it?  Because I am

19  interested in your comments, first as to the conclusions that

20  I'm reaching here, and second, as to the draft itself and the

21  form of the draft.  Do you need a few more minutes?

22      **MR. WILLIAMS:**  On behalf of the County, we do not,

23  your Honor.

24      **MR. SMITH:**  Your Honor, I think I'm prepared to make

25  a few comments.

1       **THE COURT:**  Okay.  Let's go ahead then, please.  The

2 request here is for preliminary injunctive relief.

3       **MR. SMITH:**  Well, your Honor, before we start, I just

4 want to confirm the scope of today's hearing is limited to

5 whether this Court has jurisdiction in the matter?  And then if

6 it does, then we'll deal with the injunctive relief and --

7       **THE COURT:**  I really think that's correct.  If I

8 should reach the conclusion that there is not a property or

9 liberty interest, then there's no need to go forward with an

10 evidentiary basis either for or against a preliminary

11 injunction.

12       **MR. SMITH:**  Thank you.  Your Honor, last time we were

13 here, much of the discussion focused on the concept of property

14 interest in the right to vote and I'll get to that, I think,

15 second.

16       I'd like to start out today by talking about the

17 liberty interest.  We did some research, and this is actually -

18 - I'm looking at page 12 of our reply brief -- but I think our

19 strongest argument at this point might be the liberty interest.

20 And I'm going to -- this is -- we actually the First Circuit

21 and the DC Circuit and the Tenth Circuit and actually the

22 Supreme Court talking about - or supporting our argument here.

23 I'm going to read just a paragraph here.  This is *Miller versus*

24 *Town of Hole*, (phonetic) 878 F2.d 523 from - citing on page

25 532; it's a First Circuit case.

1              "Although we have found no case directly on point,

2              probably because it's considered unassailable, we

3              have no difficulty in finding that the act of voting

4              on public issues by a member of a public agency or

5              board comes within the freedom of speech guarantee of

6              the First Amendment."

7          I think there are two reasons for this, and we tried

8  to lay them out here.  But really, first of all, there's a

9  representative democracy argument.  When an elected

10  representative casts a vote in his official capacity, he is

11  doing so on behalf of his constituents.

12          **THE COURT:**  Are you talking about a First Amendment

13  right?  And --

14          **MR. SMITH:**  I'm talking about a First Amendment right

15  to free speech.

16          **THE COURT:**  -- I think it's probably pretty clear

17  that there is an Amendment right.

18          **MR. SMITH:**  And it's a political speech.  It's not

19  any speech.  It's subject to strict scrutiny.  Now --

20          **THE COURT:**  But a First Amendment right doesn't

21  establish a property or liberty interest in a right to vote.

22          **MR. SMITH:**  And that's where we turn to the *Roth*

23  Case, which explained that a -- the Fourteenth Amendment or due

24  process protections apply to -- well, the liberty interests,

25  which are protected are generally defined by the first eight

1   amendments to the Constitution, which would include the First

2   Amendment, which includes free speech.  So, what we're saying

3   is that clearly this is a form of political speech, the right

4   to cast a vote.

5           Because it is protected by the First Amendment, it

6   therefore falls within the liberty interest definition of the

7   Fourteenth Amendment.

8           **THE COURT:**  And what's your authority for that?

9           **MR. SMITH:**  Well, we laid this out in our brief, but

10  what I think – *Miller versus Town of Hole*, *Clark versus U.S*. is

11  a 1989 DC Circuit case.  The *Hutchison* was a U.S. Supreme Court

12  case.  And again, this is talking about the- – I'm sorry.  The

13  three cases I've just cited argue that, or stand for the

14  principle that it is protected speech, First Amendment speech

15  right.

16          Then, the *Roth* case is what gives us the definition

17  of what constitutes a liberty interest.  And I think that

18  putting those cases together, clearly we have a liberty

19  interest at issue here.

20          **THE COURT:**  What does *Roth* say about a First

21  Amendment right being a liberty interest under the Fourteenth

22  Amendment?

23          **MR. SMITH:**  I don't have an exact quote in front of

24  me, your Honor.  My recollection is that that case says that

25  liberty interest is defined by the first eight amendments to

1    the Constitution.

2              **THE COURT:**   Okay.

3              **MR. SMITH:**   Am I incorrect on that?

4              **THE COURT:**   Yes, I think you are.   But I welcome the

5    citation of authority.

6              **MR. SMITH:**   Your Honor, if I may take an indulgence

7    here?   I know it may be a little bit unusual for me to ask a

8    question, but am I incorrect in my citation or in my statement

9    of the law?

10             **THE COURT:**   In your statement of the law.   You're

11   saying that because there's a First Amendment right to state an

12   opinion on a subject or First Amendment right to express an

13   opinion about whether a contract should be granted or not, that

14   therefore there is a property or liberty interest in that, the

15   right to vote.   And that doesn't follow.   I don't think you're

16   citing *Roth* correctly for that principle.   Can you give me

17   anything out of the *Roth* case that establishes that, that

18   connection?

19             **MR. SMITH:**   If I can have just a minute, I will take

20   a look at that case.

21             **THE COURT:**   Okay.   Why don't I hear the response, and

22   of course you can come back further.

23             **MR. WILLIAMS:**   Good morning, your Honor.

24             **THE COURT:**   Good morning.

25             **MR. WILLIAMS:**   Colby Williams on behalf of Clark

1   County.  I guess I would ask the Court for a little guidance in

2   this respect.  I don't have any position with respect to the

3   Order.  We obviously agree with it and I don't want to repeat

4   arguments that are contained therein.  I am, however, prepared

5   to address this new issue that has been raised regarding the so

6   called First Amendment liberty interest.  And if your Honor

7   would like me to illuminate on that, I'd be happy to.

8            **THE COURT:**  Please, uh-huh.

9            **MR. WILLIAMS:**  I guess a little procedural background

10  would be important to start, because this is the first time the

11  Court is hearing about a First Amendment and the first time

12  we're hearing about it, at least in the Courtroom.  This first

13  surfaced on the second to the last page of their reply brief.

14  It was never addressed in their opening brief on the issue of

15  jurisdiction, and therefore we did not address it in our

16  opening brief.

17           **THE COURT:**  Uh-huh.

18           **MR. WILLIAMS:**  It was raised in reply, and as your

19  Honor knows, matters raised for the first time in reply

20  normally should not be considered, and we would take that

21  position and would move to strike it on that basis.

22           The second procedural matter that has occurred that

23  your Honor may or may not be familiar with is late yesterday

24  afternoon, an amendment to file -- excuse me; a stipulation to

25  file an amended complaint was electronically filed with the

1   Court.  It's a stipulation between Las Vegas Paving and a

2   stipulation for Collins.  And the argument, so it goes, is

3   because Las Vegas Paving was the only party to answer, whereas

4   we filed motions to dismiss, Fisher and the County, therefore,

5   the only entity that needed to stipulate to an amendment at

6   this stage, because no response has been filed, is Paving.  And

7   they filed this stipulation with the amended complaint attached

8   without waiting for your Honor to sign that stipulation.  They

9   then filed the amended complaint where they now have asserted

10  this broad First Amendment liberty interest argument in the

11  allegations.  We would submit that that's improper.  This isn't

12  like Muni Court where maybe the parties can stip and just, you

13  know, go on their merry way.  The Court has to approve a

14  stipulation, and therefore approve the filing of that amended

15  complaint.  We would suggest that was not properly done.  So

16  those are the procedural issues and the basis upon which we

17  object on those grounds.

18          **THE COURT:**  I'll deny the motion to strike in

19  response to the -- in the reply brief -- this is preliminary

20  injunction stage.  But I will grant a motion to strike the

21  amended complaint.

22          **MR. WILLIAMS:**  Thank you, your Honor.  And if you

23  would like, I can also talk substantively about the First

24  Amendment issue, if you believe that's necessary.

25          **THE COURT:**  Yes, I do.

1          **MR. WILLIAMS:**  And if not, I'll sit down.  I don't

2     want to waste the Court's time.

3          **THE COURT:**  Uh-huh.  I do think it's necessary.

4          **MR. WILLIAMS:**  Your Honor, what we had in case -- or

5     in the first hearing was an argument, I'm arguing on behalf of

6     Collins now, that he had a property or a liberty interest that

7     was being deprived -- or excuse me, had a property or a liberty

8     interest under the Fourteenth Amendment to the Constitution and

9     that he was denied due process.  What we now have, your Honor,

10    if you look at this *Miller* and the *Clark* opinion that they've

11    cited; those are not due process cases.  Those are different.

12    Those are claims saying we've been retaliated against for

13    exercising our First Amendment rights.  They are not what was

14    argued in the first case.  So, they're distinguishable on that

15    basis.

16          But, no matter what the alleged Constitutional

17    violation is, be it a violation of the First Amendment or a

18    violation of the Fourth - whatever, there is a vehicle by which

19    you have to bring that claim.  And it's 42, USC 1983.  And we

20    argued in our papers that at the time, the due process claim

21    failed because they haven't properly alleged the 1983 claim.

22    But that analysis and that argument applies for the exact same

23    reasons here.  You've got to have two things for a 1983 claim

24    to survive.  You've got to have state action and you've got to

25    have a violation or a depravation of a constitutional right.

1    Number one, there's no state action here in the sense that what

2    we had in Fisher One was outside Counsel, Mr. Dillard, who is

3    sitting in the audience, representing the County in a piece of

4    litigation in which a motion was made by Fisher and an order

5    was entered by this Court.  Clark County did not do anything to

6    Mr. Collins in that respect.

7            THE COURT:  But aren't those individual parties

8    acting under color of state law?

9            MR. WILLIAMS:  Your Honor, my position would be no.

10   We cited to you the Polk County case; we citied you -- that's a

11   U.S. Supreme Court case, we cited you *Simmons*.  We also cited

12   two other cases, I believe, from the Third and Seventh

13   Circuits, stating that when an attorney is acting in his

14   traditional role as Counsel, that he - and representing a

15   municipality, that he is not automatically deemed to be a state

16   actor.  And they haven't made any such allegation in their

17   complaint.

18           THE COURT:  So he's performing the act of the county?

19   In other words, there is action against the county, not against

20   an individual attorney representing the county.

21           MR. WILLIAMS:  Right, that's right.  He -- well, my

22   point is that what happened in Fisher One was a result of --

23   I'll say, everyday, ordinary litigation.  In other words, it

24   wasn't the county in its capacity as a state actor doing

25   something to take away Mr. Collins -- Commissioner Collins --

1        **THE COURT:**  Well, that doesn't entirely answer the

2   question; subject of course, to sovereign immunity protection

3   for damages claims.  Is the county not subject to a 1983 claim

4   for abrogating his rights?

5        **MR. WILLIAMS:**  Well, your Honor, I think that gets me

6   to the second reason why they haven't properly alleged a 1983

7   claim.  In order to do so, we argue this as well, and it wasn't

8   addressed.  You've got to -- if you're asserting a claim

9   against the body itself, which they've done here, Clark County,

10  that's what's known as a Monell Claim, under the U.S. Supreme

11  Court precedent.

12       **THE COURT:**  Right.

13       **MR. WILLIAMS:**  In order to make that claim, you've

14  got to allege in your complaint that the decision, the adverse

15  action taken against the complaining party was a result of

16  policy or custom, or if not policy and custom was at least

17  engaged in by the policy of an official with policy making

18  power.

19       **THE COURT:**  It seems to me that clearly we have that

20  here.  An attorney has an authority, certainly has authority or

21  at least in this case, they represented that they had the

22  authority to take action or take position on behalf of the

23  county.  In other words, the county was faced with a due

24  process claim, violating due process by Fisher, and the

25  attorney said we're willing to resolve the lawsuit and we're

1  willing to resolve it in this way: we'll grant the following

2  due process procedures relative to the Fisher bid.

3         So clearly, the attorney, when they stand up and take

4  that position, they're representing to me, and I'm assuming

5  that they're acting pursuant to valid authority to make that

6  final decision on behalf of the county in settling the lawsuit.

7  Of course, if it's damages, we all clearly know they would have

8  to go back to the county commission and get a vote.

9         **MR. WILLIAMS:**  Right.

10         **THE COURT:**  But on a procedural due process

11  procedure, I don't think they have to go back to the county to

12  get a vote.

13         **MR. WILLIAMS:**  Right.

14         **THE COURT:**  I think the attorney does have the

15  authority to stand here and say I have the final decision

16  making authority.

17         **MR. WILLIAMS:**  Your Honor, I would agree with you in

18  this sense.  I think he -- I think the attorney in that case

19  does have that type of authority by virtue of the attorney-

20  client relationship.  I don't know that that's tantamount to

21  being a (quote) (unquote) "policy maker" for the county.

22         **THE COURT:**  Doesn't that meet the Monell test?

23         **MR. WILLIAMS:**  Your Honor, I would submit that in

24  that situation, what we had in Fisher One, I don't believe that

25  it would.  I'm happy to go back and research it further.  But I

1  -- based on my research and what I've seen, I haven't seen a

2  scenario.

3          THE COURT:  It's clearly not an ongoing policy.

4          MR. WILLIAMS:  No. and It's not a custom.

5          THE COURT:  But it's case by case authority, and if

6  there's an allegation of violation of due process under Monell

7  in an individual case with individual circumstances, it seems

8  to me that the Monell test is met.  No?

9          MR. WILLIAMS:  Your Honor, I would submit that it is

10  not.  But, obviously we may disagree.  And part of the problem

11  that we have is that in the context of this First Amendment

12  argument, neither the Court nor Counsel on behalf of the

13  county, and for that matter, Fisher, and perhaps Las Vegas

14  Paving has had a chance to develop that.

15          THE COURT:  But I -- again, while I think the Monell

16  Test is met, the core of the issue is, even if the Monell Test

17  is met, has the County violated a liberty or property interest?

18          MR. WILLIAMS:  Right.

19          THE COURT:  If they haven't, there's no cause of

20  action here --

21          MR. WILLIAMS:  Correct.

22          THE COURT:  -- and there's no jurisdiction.

23          MR. WILLIAMS:  Right, your Honor.  And that's why we

24  came in to begin with.  That's why I didn't want to comment on

25  the order because we agree with it.  I don't want to rehash it.

1   What I wanted to do was shed a little light on this new First

2   Amendment claim that has suddenly surfaced today.  And I think

3   it has surfaced because Counsel for Collins has recognized what

4   the Court and we believe Counsel on this side has recognized.

5         THE COURT:  Well, assuming for the sake of argument

6   that there is a First Amendment right, I mean, you can speak

7   your mind as a Commissioner in commission meetings.  You can

8   speak your mind out on the street.  Relative to commission

9   matters, there are limitations, of course.

10        MR. WILLIAMS:  Correct.

11        THE COURT:  For example, the open meeting law

12  limitations.

13        MR. WILLIAMS:  Right.

14        THE COURT:  On conferring and engaging in the

15  deliberative process other than in a strict procedure

16  prescribed by that statute.  But short of that, there is a

17  First Amendment right to speak your mind.

18        MR. WILLIAMS:  No question, your Honor.

19        THE COURT:  Is there a First Amendment right to vote?

20  I'm not talking about voting in a general election.  I'm

21  talking about to vote as a commissioner?  And number two, does

22  that equal a liberty or due process right under the Fourteenth

23  Amendment?

24        MR. WILLIAMS:  Right.  Answering question one, your

25  Honor, does an individual commissioner or city council member

1   or legislator, or what have you, is there a First Amendment to

2   vote?  I would think that based on the reading of *Miller* and

3   *Clark*, which they've cited, and I've only had a chance to view

4   them briefly, I think the Courts say that.  I think there is

5   the notion that the First Amendment applies to an individual

6   legislator or government official's right to vote on a

7   particular matter.  But the second point is where they run into

8   trouble.  Does that constitute the liberty interest required to

9   allege a depravation of due process under the Fourteenth

10  Amendment, which is what we're here on.  And I think the answer

11  to that; those cases don't say that it does.  They don't

12  address due process.  What they're talking about is a claim

13  made that they were retaliated against by fellow city council

14  members by the way, or selectmen, whatever the case may be, for

15  not voting in the way that that group wanted, so they were

16  removed from office in retaliation for -- basically not being

17  compliant board members.  It was done by their fellow board

18  members or selectmen, as I should say.

19          That is not what we have here.  And so the allege - I

20  should back up, they allege, we're being retaliated against on

21  our first -- basically, on our expression, on our vote.  We're

22  not voting the way they want us to vote.  That's not what's

23  happening here.  They came in saying we've been deprived due

24  process.  Voting's a liberty interest; we've been deprived due

25  process.  Those -- the Miller and Clark cases don't address

1    that issue at all.   And like I said, we're all at a

2    disadvantage because they were raised in the reply and now, you

3    know, this amended complaint.   So, unless your Honor has

4    anything else to ask right now, I'd be happy to --

5            **THE COURT:**   No.

6            **MR. WILLIAMS:**   -- answer questions or sit down.

7            **THE COURT:**   Anything else before I invite a final

8    reply?

9            **MR. PARRY:**   Your Honor, maybe I'll just take a

10   moment?   While I know the Court wants to give the benefit of

11   the doubt to the Plaintiffs and make a proper ruling, I

12   understand.   The Court is actually going beyond what they've

13   pled to try to find a way to survive -- that their complaint

14   can survive.   Because first of all, they haven't pled a 1983

15   action.   And so, they're left with on their complaint simply a

16   complaint that alleges some amorphous violation of a

17   constitutional right.   Until yesterday, they hadn't even cited

18   one that made any sense.   Now they have this First Amendment

19   claim.   But even the case as they cite there --

20           **THE COURT:**   Well, I am going to consider the First

21   Amendment claim because there is a motion to dismiss pending.

22   And of course, if I grant it, there's a question of whether I

23   should grant it with right to amend or just simply grant it.

24           **MR. PARRY:**   I understand, your Honor.   And to the

25   degree that I can address that, maybe the Court needs

1    additional brief.  And I hate to say that, but on the other

2    hand, we are here arguing about some cases that were filed

3    yesterday.  But I would point out to the Court that while the

4    Court may have thought about this a little bit and I appreciate

5    – I've been in the Court – I've been in your chamber -- your

6    Courtroom quite a bit, and I understand that you analyze these

7    cases carefully.  And so, I recognize that you've given this

8    some thought.  But I would say that Monell probably doesn't

9    apply, your Honor.  Because, first of all, Monell makes a

10   distinction.  It overruled a series of cases that said that

11   actions of a state are protected and therefore are not a

12   violation of the Constitution because they found in Monell,

13   there was a series of police conduct, time and time again, not

14   isolated.  The Court was very careful about pointing that out.

15   It became a policy of the police department in that particular

16   case to violate people's rights.  And therefore, the Court said

17   that became the policy of the institution.  In this particular

18   case, the most you have is an isolated act by an attorney.  And

19   more important than that, that attorney, all he did was stand

20   silent.  Now, he did that by choice, your Honor.  But there was

21   a case presented.  And the case presented in our -- that, the

22   first Fisher case was a case that was, I think, compelling.

23   And that's the reason why both the county and Las Vegas Paving

24   stood silent.  And they wanted a fair hearing in that matter.

25   So, it was an isolated case.  They haven't cited any other

1    instance of this.  They haven't cited any other activity.  So,

2    I think that the Monell issue does have some bearing here, your

3    Honor.  And I would throw that out -- that the Court's for

4    consideration.  I know you've made your tentative decision

5    there.

6            Secondly, the cases cited by the Plaintiffs simply do

7    not hold what they have said with respect to this First

8    Amendment.  They have to go under the Fourteenth Amendment to

9    get some jurisdiction unless the Court's going to create a new

10   set of case law here.  Because you would have to go way beyond

11   the case law that exists, even with the cases are cited to find

12   that there's a First Amendment right for the vote in this

13   particular matter.  And so, if we're going to create new law,

14   we'd better be careful about that, your Honor.  So, I would

15   submit it with those arguments because they -- and they have

16   the burden.  I mean, let's not forget, this is their burden,

17   not our burden.  They have to plead it; it has to be well pled

18   by both the local rules and by case law, they have to establish

19   that they have a federal question jurisdiction, and I'd submit

20   to the Court that they simply haven't done that either on the

21   facts or the law.

22            **THE COURT:**  Thank you.

23            **MR. GOCHNOUR:**  Wade Gochnour on behalf of Las Vegas

24   Paving.  I just want to make it clear for the record, your

25   Honor, that Las Vegas Paving is not taking a position either

1    way in this case.  We haven't filed any briefs.  We did sign a

2    stipulation, left it up to them to determine whether they

3    thought they needed to do more to get an amended complaint on

4    it.  So, we agree with your Honor that whether they have leave

5    to amend, that may be another issue.  But just for the record,

6    Las Vegas Paving would be fine with Commissioner Collins voting

7    on this bid or it would be fine moving on without Commissioner

8    Collins.  So, we just take no position on this matter, your

9    Honor.

10            **THE COURT:**  Very good.  Thank you.  Please, a reply?

11            **MR. SMITH:**  Well, your Honor, one thing that I

12   noticed as I was listening to Counsel oppose jurisdiction, was

13   that a fair amount of the discussion even here today focused on

14   Fisher One.  I think these cases are so inextricably

15   intertwined that ancillary jurisdiction really should apply.

16   It seems very difficult to carry on a conversation about one

17   without bringing up the other.

18            Regarding the amended complaint, I understand that

19   was stricken.  My apology to the Court for not following proper

20   procedure there.  Whatever happens here today, if the Court

21   finds there's no jurisdiction, we would request that our case

22   be dismissed without prejudice with the right to amend.  That

23   seems clear that that should exist.

24            Your Honor, we think that there is a -- the First

25   Amendment right to vote in the role as a county commissioner, I

1   think is not in question here.  Looking at the Clark case, it

2   actually says that the best indication of their position on

3   specific issues and his or her ideological persuasions, that's

4   the right to vote.  That's protected free speech.  And so, if

5   we need to amend our complaint to properly allege that, whether

6   it be through a 1983 action or whatever, there's clearly been a

7   violation and a depravation of First Amendment due process

8   rights here.

9            But I think our complaint as it is should be able to

10  stand.  And actually, if the Court would like, we could

11  actually submit further briefing on this First Amendment issue

12  on the Miller line of cases.  It sounds like the County was

13  upset that we raised that in our reply brief.  That's because

14  we were doing expedited briefing schedule.  We found a case in

15  that line of cases, and that's why we raised it there.  I think

16  that it should be admissible here.  But certainly if the Court

17  wants additional briefing on that, we would be happy to provide

18  it.  I read through the *Roth* case, your Honor, while we were

19  waiting.  Certainly the Court is familiar with this case.  I'm

20  looking actually right now at page 572, under Section, I think

21  -- Roman numeral number II,

22           "While this Court has not attempted to define with

23           the exactness the liberty guaranteed (parenthesis)

24           Fourteenth Amendment (unparenthesis), this term has

25           received much consideration and some of the

1     inquivities (phonetic) have been definitely stated.

2     Without doubt, it invokes not merely freedom from

3     bodily restraint, but also the right of the

4     individual to contract, to engage in any of the

5     common occupations of life, to acquire useful

6     knowledge, to marry, to establish a home and bring up

7     children, to worship God, according to the gates of

8     his own conscience and generally to enjoy those

9     privileges long recognized as essential to the

10    orderly pursuit of happiness by free men."

11    I think that that paragraph right there necessarily

12 includes the right to free speech and certainly a right to

13 political speech.

14    Would the Court -- if you don't mind, I'd also like

15 to discuss the property interest side of this.  All of the

16 cases have been cited from the property interest right of an

17 elected official in federal cases, whether they be talking

18 about two candidates contesting to win an election or the

19 redistricting cases where an elected official's office is

20 changed or eliminated mid-term, of even the cases dealing with

21 a sitting official which are relatively few in number, quite

22 few in number.  All of those cases look to state law to define

23 the interest.  And in this case, I think that Nevada state law

24 is probably the strongest definition of any of the cases

25 provided.  Nevada law is very clear as to what Mr. Collins has.

1  Really a property interest is best defined by its boundaries.

2  It's difficult to define, to say, you know, what it means to

3  own something.  But if you talk about the boundaries of that

4  ownership, it's easier to put a label on it.

5          Nevada state law is very clear.  Once elected, once

6  he's given a certificate of election, once he's taken the oath

7  of office, we've provided evidence that Mr. Collins satisfied

8  all of those requirements; he has a right to do that job during

9  the term of his office.  The term is limited by time to four

10  years and his conditions of removal are specifically prescribed

11  by state law.  The parties in Fisher One did not follow any of

12  those procedures before denying Commissioner Collins his right

13  to vote on this matter.  We think that violates state law and

14  it violates a property interest.

15          **THE COURT:**  Okay, thank you.  I think my tentative

16  decision is correct.  There is no property or liberty interest.

17  I'm going to dismiss the lawsuit with prejudice and without

18  authority to amend because I think it would be futile to amend.

19          There is no case law here establishing that a First

20  Amendment right equals therefore a liberty interest in the

21  right to vote.  Clearly, you have a First Amendment right that

22  protects you from retaliation.  For example, based upon your

23  expression of speech on a public matter of interest, the County

24  cannot remove you from office.  Nor if you were a Sheriff or a

25  Deputy Sheriff, when you step out on the courthouse step and

1   give an expression on a matter of interest to the public the

2   body cannot retaliate against you for so expressing.  That's a

3   violation of your First Amendment right.  But none of the cases

4   that you cite that raise that issue say therefore there is a

5   liberty interest or a property interest in your right to vote

6   on a particular matter.  That clearly, I agree would be brand

7   new law and would be a very broad extension of the law.  Can

8   you imagine in every one of these cases, you're -- the county

9   is sued all of the time in zoning matters, in contract

10  selection matters.  And if the attorney, let alone in

11  compromising on the damage matter had to go back to the county

12  to get a vote in addition had to say, "Judge, our agreement to

13  a particular due process or even our standing silent, the

14  Court's ordering of a particular due process to apply -- to be

15  applied to a zoning matter or a contract selection matter also

16  has to be the subject of the commission vote and approval.

17  That would be brand new law.  And of course, it would be

18  imposing a whole new series of requirements on state and

19  federal courts before it could even affect a writ or a

20  decision.  And I just don't think that's the case.  It would be

21  an extension of law and I don't see that the cases that you've

22  cited, even on the First Amendment rights require or suggest

23  such an extension of the law.  So, I think the memo is right

24  and I'm going to issue it.  I'm going to grant the motion to

25  dismiss and with prejudice, as any amendment would be futile.

1    I'll change the last sentence or two of the order.

2          **MR. SMITH:**  Your Honor, may we intervene in Fisher

3    One?

4          **THE COURT:**  You absolutely – you have intervened in

5    fact, because what you're asking for in Fisher Two.  As a

6    practical matter, I've allowed you to intervene.  Because what

7    you're asking for in Fisher Two is for me to stay my own order

8    in Fisher One, and that's what I did.  For ten days, I gave you

9    a stay.  If another judge, another district judge were sitting

10   on this case, he has no authority to stay my writ.  An

11   appellate Court could.  But a corollary colleague could not do

12   that.  So, the reason you got a stay was because for practical

13   purposes, I was allowing you to intervene in Fisher One.  You

14   were talking to the same judge who issued it, and I gave you a

15   stay, a ten day stay.

16         **MR. SMITH:**  So, it's my understanding that your

17   Honor, that today's –– your order dismissing our complaint of

18   prejudice would also be effective against a complaint of

19   intervention?  Is that correct?

20         **THE COURT:**  No, you can intervene.  Of course the

21   times for appeal really have run on that.  We've basically

22   resolved that case.  We do have an open question as to whether

23   there's a damage claim or whether or not Fisher gave that up in

24   the settlement.  I realize that's an open issue.  My impression

25   was that you did.  But –– and I'm sure that the County thinks

1   that you did.  But that's an open issue.  I'm not saying that

2   you can't intervene in Fisher One for practical purposes.  I

3   allowed you to do it for this ten-day period.  So, I'm not

4   saying anything at all about your right to intervene, and I

5   assume you do have the right to intervene.  Okay?

6          **MR. PARRY:**  Your Honor, but you're not making any

7   decisions --

8          **THE COURT:**  No, I am not.  So, I will not grant

9   further stay.  The stay is gone now and I will dismiss with

10  prejudice Fisher Two.

11         **MR. GOCHNOUR:**  Your Honor, just also, there's a

12  housekeeping matter, just to remind the Court that there's any

13  motion to consolidate that I think is mooted by the Court's

14  issue, and I think it should best be addressed --

15         **THE COURT:**  IT would be mooted.

16         **MR. GOCHNOUR:**  Thank you, your Honor.

17         **THE COURT:**  Thank you all.  Thank you for your

18  briefs.

19         **THE CLERK:**  All Rise.

20      **(This proceeding was adjourned at 9:36 a.m.)**

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                      **January 25, 2010**

         **Signed**                                              **Dated**

         *TONI HUDSON, TRANSCRIBER*